UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN A. SLEEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-02307-TAB-TWP |
| | ) |
| NANCY A. BERRYHILL Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.     Introduction**

Plaintiff Robin A. Sleek appeals the Commissioner's denial of her application for Social Security benefits. Sleek argues that the Administrative Law Judge made erroneous findings at step two, in the Residual Functional Capacity determination, and when weighing the medical evidence. For reasons explained below, Sleek's supporting arguments are unavailing. Sleek's brief in support of appeal [Filing No. 24] is therefore denied.

**II.    Background**

On May 10, 2013, Sleek applied for disability insurance benefits and supplemental security income, alleging disability beginning on March 13, 2012. The agency denied Sleek's applications initially and upon review. On November 21, 2014, an Administrative Law Judge held a hearing and Sleek testified, along with a Medical Expert, Psychological Expert, and Vocational Expert. On March 16, 2015, the ALJ found Sleek is not disabled.

At step one, the ALJ determined that Sleek has not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found Sleek's severe impairments are

ischemic heart disease and anxiety. At step three, the ALJ concluded that these impairments do not meet or medically equal one of the listed impairments. At step four, the ALJ determined Sleek has the RFC to perform light work with the following limitations:

> lifting, carrying, pushing, and pulling twenty pounds occasionally and ten pounds frequently; occasional climbing of ramps and stairs, but no climbing of ladders, ropes and scaffolds; occasional balancing, stooping, and kneeling; no crouching or crawling; occasional left overhead reaching; no exposure to hazardous equipment or moving mechanical parts; work limited to simple, routine, and repetitive tasks, and simple work-related decisions; only occasional contact with supervisors and coworkers; and no contact with the public.

[Filing No. 14-2, at ECF p. 25.]

At step five, the ALJ found that Sleek is unable to perform past relevant work as an informal server, fast food manager, assistant manager, and packing supervisor. Relying on the VE's testimony, the ALJ found that Sleek has the RFC to perform the work of a store clerk order filler, weight measurer/checker, and routine clerk. Thus, the ALJ concluded Sleek is not disabled. The Appeals Council denied Sleek's request for review, making the ALJ's conclusion the Commissioner's final decision. This appeal followed.

### III. Standard of review

The Court must uphold the ALJ's decision so long as she supports her findings with substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (quoting *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011)). While the ALJ must consider all relevant medical evidence and avoid "cherry-picking" facts supporting a non-disability conclusion, she is not required to discuss every piece of evidence. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). The ALJ need only provide a logical bridge between the evidence and

her conclusions. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). However, the ALJ must also "confront the evidence that does not support her conclusion and explain why that evidence was rejected." *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014).

IV. **Discussion**

A. **The ALJ did not err at step two**

Sleek argues that the ALJ erred at step two by failing to find that Sleek's back pain is a severe impairment. The ALJ found that "[t]he majority of her documented back problems were discussed from August 2013 through December 2013," which did not last for the requisite twelve-month period. [Filing No. 14-2, at ECF p. 23.] Sleek takes issue with the ALJ's conclusion that her back pain therefore does "not represent severe impairments that affect the claimant's ability to perform basic work functions." [Filing No. 14-2, at ECF p. 23.]

As evidence that Sleek's back pain is severe, Sleek points to a June 2011 MRI and an August 2011 exam. It is not the Court's role on judicial review to reweigh the evidence. *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008). Not only does the ALJ address the 2011 MRI relative to Sleek's back pain, but the ALJ notes it occurred several months before the alleged onset date. [Filing No. 14-2, at ECF p. 22.] Similarly, the exam occurred months prior to the relevant time period. Sleek additionally points to records from August 2013, which document that she had injections to treat back pain. However, this evidence does not demonstrate Sleek's back pain lasted more than the four months recognized by the ALJ. Sleek fails to convince the Court that the ALJ erred in her finding. Therefore, remand is not appropriate on this issue.

B. **The RFC is not erroneous**

Sleek argues the ALJ's RFC determination is erroneous because it fails to include restrictions for her back pain and panic issues. For back pain, Sleek takes issue with the ALJ's

3

finding that she could perform light work. Sleek contends that her back pain renders her unable to stand and walk for up to six hours in an eight hour work day. Sleek points to her own testimony that she suffers back pain. Sleek also points to the ME's testimony, which was not based on the 2013 treatment records of her back pain. This does not demonstrate error. Sleek's testimony makes no mention of her ability to stand or walk, and as the Commissioner points out, the ALJ did not rely on the ME's testimony in the RFC analysis.

As for Sleek's panic issues, she fails to identify additional limitations that the ALJ should have included in the RFC. The Commissioner argues that limitations for panic are contemplated in the ALJ's determination that Sleek can only perform simple, routine, repetitive tasks, and make simple work-related decisions, with only occasional contact with coworkers and supervisors and no contact with the public. [Filing No. 14-2, at ECF p. 25.] The Court agrees with the Commissioner. Sleek again points to her testimony, in which she provides an explanation that she experiences panic, anxiety, and feels overwhelmed. Sleek asserts her cardiac illness is a result of her panic, and points to several instances where panic is noted as the cause of some physical symptoms. However, the ALJ noted inconsistencies with the alleged severity of her symptoms. Furthermore, the ALJ discussed the consultative psychologist's report that Sleek's depiction of panic attacks is not credible because she did not report having the physical symptoms associated with them. [Filing No. 14-2, at ECF p. 29.] Overall, Sleek's argument that the RFC is erroneous fails. Remand is therefore not appropriate on this issue.

**C.    The weight given to medical evidence is proper**

The ALJ afforded little weight to Sleek's primary care physician, Dr. Smith. [Filing No. 14-2, at ECF p. 29.] Sleek argues the ALJ should have given Dr. Smith controlling or great weight. Sleek contends the ALJ failed to point to inconsistencies or provide an analysis for her

determination. However, the Court disagrees. The ALJ discussed Dr. Smith's 2013 letter, in which she opined that Sleek is unable to work due to multiple medical problems. [Filing No. 14-15, at ECF p. 20.] The ALJ also discussed Dr. Smith's treatment notes that Sleek's condition was improving and that Sleek denied having chest pain or dyspnea. [Filing No. 14-2, at ECF p. 27.] The ALJ found Dr. Smith's statements are inconsistent when weighing her opinion. [Filing No. 14-2, at ECF p. 29.] The ALJ explained her decision to afford little weight to Dr. Smith, and the evidence supports the ALJ's conclusion that Dr. Smith's statements are inconsistent. Thus, the Court finds no error.

The ALJ also afforded little weight to Sleek's social worker, Michael Kenny. [Filing No. 14-2, at ECF p. 29-30.] Sleek argues the ALJ fails to point out inconsistencies or provide an analysis. This argument falls flat. The ALJ concluded that Kenny's notes were inconsistent with his opinion that Sleek could not work. [Filing No. 14-2, at ECF p. 29-30.] The ALJ remarked that Sleek attended monthly therapy sessions and that she was being treated for depressive disorder and panic disorder. *Id.* The ALJ discussed Kenny's treatment notes that Sleek needs to work on coping skills. *Id.* The ALJ remarked that while Kenny noted Sleek's complaints of anxiety, he did not refer her for more aggressive treatment. *Id.* This analysis allows the Court to trace the ALJ's reasoning, and Sleek does not convince the Court that the ALJ erred. Thus, remand is not appropriate on this issue.

## V.   Conclusion

For these reasons, the Commissioner's decision is affirmed. Sleek's brief in support of appeal [Filing No. 24] is denied.

Date: 8/9/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Annette Lee Rutkowski
LAW OFFICES OF ANNETTE RUTKOWSKI
Anetrutkowski@gmail.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov